MARY'S OPINION HEADING 









                NO. 12-08-00019-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER, TEXAS

 

 

ROY
E. ADDICKS, JR.,       §          APPEAL FROM THE 87TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

T.D.C.J.,
ET AL.,

APPELLEES §          ANDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM

            This appeal is being dismissed for want of jurisdiction
pursuant to Texas Rule of Appellate Procedure 42.3(a).  The trial court’s judgment was signed on
August 16, 2007, and Appellant filed his notice of appeal on January 14,
2008.  Under rule of appellate procedure
26.1(a), unless Appellant timely filed a motion for new trial or other
postjudgment motion that extended the appellate deadlines, his notice of appeal
was due to have been filed “within 30 days after the judgment [was] signed,”
i.e., September 17, 2007. 








            Appellant filed a request for findings of fact and
conclusions of law on August 31, 2007.  A
request for findings of fact and conclusion of law must be filed within twenty
days after the judgment is signed.  Tex. R. Civ. P. 296.  Therefore, Appellant’s request must have been
filed on or before September 5, 2007. 
Because Appellant’s request for findings of fact and conclusions of law
was filed on August 31, 2007, the request was timely and extended the time for
filing Appellant’s notice of appeal to November 14, 2007.  See
Tex. R. App. P. 26.1(a)(4) (notice of appeal due within ninety days
after judgment signed when request for findings of fact and conclusions of law
is timely filed).[1]  However, because Appellant’s notice of appeal
was filed on January 14, 2008, the notice was untimely filed and this court has
no jurisdiction to consider the appeal.

            On January 15, 2008, this court notified Appellant
pursuant to Texas Rule of Appellate Procedure 42.3(a) that his notice of appeal
was untimely.  Appellant was further
informed that unless the record was amended on or before January 25, 2008 to
establish the jurisdiction of this court, the appeal would be dismissed.  Appellant responded to this court’s notice
with an explanation of the circumstances that prevented his compliance with the
prescribed deadlines.  However, this
court is not authorized to extend the time for perfecting an appeal except as
provided by Texas Rules of Appellate Procedure 26.1 and 26.3.  Accordingly, the appeal is dismissed
for want of jurisdiction.  See
Tex. R. App. P. 42.3(a).  

Opinion
delivered January 31, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1]  On October 22, 2007,
Appellant filed a motion for reconsideration, which we construe as a motion for
new trial.  A motion for new trial must
be filed within thirty days after the judgment is signed.  Tex.
R. Civ. P. 329b(a).  The judgment
in this case was signed on August 16, 2007. 
Therefore, the motion for new trial was untimely.  Even if the motion for new trial had been
timely, it would not have further extended Appellant’s deadline for filing the
notice of appeal.